# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| JAMES MARTIN RANDA and | ) | Case No. 09 B 29576 |
| JODI LYNNE RANDA, | ) | |
| Debtors. | ) | Hon. Bruce W. Black (Joliet) |

## FIRST AND FINAL APPLICATION FOR ALLOWANCE AND
## PAYMENT OF COMPENSATION AND EXPENSE REIMBURSEMENT OF TRUSTEE

Pursuant to Sections 326 and 330 of title 11, United States Code (11 U.S.C. §§ 101, et seq., the "Bankruptcy Code"), Deborah K. Ebner, not individually, but solely in the capacity of trustee (the "Trustee") for the Chapter 7 Bankruptcy Estate (the "Estate") of James Martin Randa and Jodi Lynne Randa (the "Debtors"), respectfully submits this First and Final Application For Allowance and Payment of Compensation and Expense Reimbursement of Trustee (the "Application"), and thereby requests that this Court enter an order allowing and authorizing payment to the Trustee of $2,750.05 in compensation for services rendered and for reimbursement of $108.29 for actual expenses incurred in this case from August 12, 2009 through the close of this case (the "Application Period")[1]. In support of the fees and expenses requested, the Trustee respectfully states as follows:

### Background

1.  On August 12, 2009 ("Petition Date"), the Debtors filed their voluntary petition in this Court for relief under Chapter 7 of the Bankruptcy Code, and Deborah K. Ebner was appointed as the Trustee.

2.  As of the Petition Date, the major asset of the Estate was the interest in certain real property commonly known as 5308 Oak Meadow, Plano, IL (the "Property").

3.  The bar date for filing claims in this case was April 8, 2010.

### Prior Compensation and Expense Reimbursement

---

[1] Trustee Compensation was calculated and this report was prepared prior to accounting for all interest earned and therefore Trustee is leaving her compensation request at $2,750.05 as opposed to $2,750.16, the latter of which is statutorily correct.

4. This is the first and final application ("Application") for allowance of compensation and expense reimbursement filed by Trustee in this case.

5. Trustee has not previously received or been promised any payments for services rendered or to be rendered in this case except as set forth above.

### Services Rendered by Trustee

6. Since her appointment in this case, Trustee has performed necessary and valuable services on behalf of the Estate. Those services rendered by Trustee since her appointment in this case include but are not limited to the following:

> A. The Trustee reviewed and analyzed the Debtors' schedules of assets and liabilities and statements of financial affairs; the Trustee conducted a Section 341 examination of the Debtor;
>
> B. The Trustee prepared semi-annual reports to the United States Trustee's Office;
>
> C. The Trustee identified real estate with apparent equity for the Estate, located a real estate broker in Illinois, negotiated a contract for the sale of the premises and ultimately, with the assistance of legal counsel, sold the Plano real estate;
>
> D. The Trustee managed the Estate's cash on hand. This included investing the Estate's funds in interest bearing accounts and maintaining a report of cash receipts and disbursements;
>
> E. Trustee worked with counsel to consummate the real estate closing;
>
> F. The Trustee addressed tax matters concerning the Estate; and
>
> G. The Trustee reviewed the claims filed in this case and verified the validity thereof caused objections to be filed as needed, and has now prepared this request for professional compensation along with the affixed final report package.

### Funds Collected and Disbursed by Trustee

7. Trustee collected the sum of $20,000.46 on behalf of the Estate. Trustee has made no disbursements in this case as of the date hereof.

8. A copy of the *Form 1 Individual Estate Property Record and Report* and *Form 2 Cash Receipts and Disbursements Record* showing the disposition of the assets of this Estate is

2

attached hereto as **Exhibit A**.

### Compensation and Expense Reimbursement Requested

9.  The maximum compensation allowable to Trustee pursuant to § 326 of the Code, based upon the receipts and disbursements of $20,000.46, which is the aggregate of Estate's funds distributed to parties in interest other than the Debtor. (Although the sales price of the real estate totaled $410,000.00 and Trustee disbursed $390,000.00 to parties in interest other than the Debtor and therefore is statutorily authorized to seek $18,000.00 as and for a statutory Trustee fee pursuant to 11 USC Section 326, she seeks statutory compensation only upon the administered carve out .) The breakdown of statutory fees sought is as follows:

| | |
|---|---|
| 25% of the first $5,000 | $1,250.00 |
| 10% of the next $45,000 | $1,500.16 |
| Total allowable compensation | $2,750.16 |

10. The Trustee anticipates there will not be surplus funds being paid back to the Debtors.

11. Trustee requests allowance and payment of final compensation for her services rendered as Trustee from the time of her appointment through the closing of this case in the amount of $2,750.05. This amount represents reasonable compensation for the services rendered by Trustee and is well within the maximum compensation allowable as set forth in paragraph 9 above.[2] A memorialization of time expended by Trustee is attached hereto as **Exhibit B.**

12. The Trustee requests reimbursement in the amount of $108.29 for actual expenses incurred in the performance of services rendered in this case. A detailed listing of the expenses requested herein is attached as **Exhibit C**.

13. The Trustee has not previously received any payment or promise of payment for her

---

[2] Trustee and her staff have expended 24.20 hours of service as Trustee for this engagement. (This includes estimated time.) Based upon Trustee's normal and customary hourly rates, she has $8,398.50 worth of professional service, all of which, with the exception of that which is sought in this Application, is being written off.

3

services rendered as Trustee in this case. The Trustee requests that the compensation and expense reimbursement requested be paid from the Estate funds as part of the Trustee's final distribution.

### Status of the Case

14. The Trustee has liquidated, abandoned or sought to abandon at the final hearing all of the assets belonging to this Estate and completed her review and analysis of the claims filed against the Estate.

15. Trustee has completed and filed her Final Report simultaneously herewith.

16. After payment of the Estate's administrative claims, the Trustee proposes that the timely filed priority creditor receive a distribution in the approximate amount of 7.43% of its allowed claim.

**WHEREFORE**, Deborah K. Ebner, as trustee of the Estate of James Martin Randa and Jodi Lynne Randa, requests the entry of an order providing the following:

A. Allowing to Trustee final compensation in the amount of $2,750.05 for actual and necessary professional services rendered and to be rendered on behalf of this Estate;

B. Allowing to Trustee reimbursement of actual expenses incurred in the amount of $108.29;

C. Awarding payment of the compensation and expenses allowed herein as part of the Trustee's final distribution; and

D. Granting such other relief as is proper in the premises.

        DEBORAH K. EBNER, not individually,
        but solely as Trustee of the James Martin Randa
        and Jodi Lynne Randa Bankruptcy Estate,

By:     /s/Deborah K. Ebner
       Deborah K. Ebner, Trustee

Deborah K. Ebner (ARDC No. 6181615)
The Law Office of Deborah Kanner Ebner
11 East Adams Street
Suite 904
Chicago, IL 60603
(312) 922-3838